IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEMETRIUS HOSKINS,** ) | |
| **ID # 389700,** ) | |
|     **Plaintiff,** ) | |
| **vs.** ) | No. 3:13-CV-1556-B-BH |
| ) | |
| **DAWSON STATE JAIL, et al.,** ) | |
|     **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

Demetrius Hoskins (Plaintiff) filed this action against the defendants on April 22, 2013, and moved to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By order dated April 29, 2013, he was advised that his IFP application did not provide enough information to decide whether IFP status was appropriate. He was ordered to submit a properly signed Certificate of Inmate Trust Account within thirty days and specifically advised that failure to do so could result in dismissal of his case. *Id.* More than thirty days from the date of the order have passed, but Plaintiff has not filed the required certificate of trust account or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to comply with the

April 29, 2013 order that he submit a properly signed certificate of trust account despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiff submits the required certificate of inmate trust account within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 13th day of June, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE